UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BOBBIE M. REYNOLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-058-C |
| | § | ECF |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Bobbie M. Reynolds seeks judicial review of a decision of the Commissioner of Social Security denying her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the parties' arguments under the standard set forth under 42 U.S.C. § 405(g), this court finds that the Commissioner's decision is not supported by substantial evidence and recommends that the Court reverse the decision and remand Reynolds' case for further administrative proceedings.

**I.    Discussion**

After a hearing an Administrative Law Judge (ALJ) issued a decision in which he concluded at the fifth step of the sequential disability analysis that Reynolds was not disabled

because she retained the residual functional capacity to perform the full range of light work limited to jobs that would not involve certain non-exertional requirements. (Tr. 25.) The Appeals Council denied Reynolds request for review. (Tr. 7-11.) The ALJ's decision is therefore the Commissioner's final decision and is subject to the court's review under the standards set forth under 42 U.S.C. § 405(g). *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

The provisions of 42 U.S.C. § 405(g) require the court to determine whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The statutory standard requires more than a "simple search of the record for isolated bits of evidence" that may support the Commissioner's decision; the court must consider the record as a whole. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (citation omitted). "'[T]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Id.* (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir. 1984)).

In this case, there is evidence that detracts from the ALJ's conclusion that Reynolds is capable of performing light work on an ongoing and continuous basis. Most jobs in the light work category, especially those classified as unskilled which the ALJ determined Reynolds could perform, require the individual to stand or walk most of the workday. SSR 83-14, 1983 WL 31254; *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) (2006) (describing light work as involving a "good deal" of walking and standing). Consulting physician Jaye

2

Cole, M.D., described Reynolds' gait as abnormal and "waddling." (Tr. 168, 761.) Consulting physician Walter Hyde, M.D., indicated that Reynolds' gait was "slow and somewhat antalgic due to foot pain." (Tr. 748.)

Although Dr. Hyde did not elaborate on the cause of Reynolds' foot pain, the records show that Reynolds is diabetic and suffers from severe recurring diabetic foot ulcers. In January 2002 Reynolds' primary care physician treated an ulcer on Reynolds' right heel and advised her to avoid weight bearing in order to facilitate healing. (Tr. 753.) He noted in March that the wound was in an area subject to constant weight bearing and movement which made healing difficult and that it was worsening. (Tr. 751.) He referred Reynolds to Randall Wolcott, M.D., a wound specialist, who diagnosed a stage III ulcer and treated the wound with debridement and antibiotics, but nearly one month later the ulcer was only 20 percent healed. (Tr. 722, 728.)

At the time the ALJ rendered his decision, the foregoing evidence was the only evidence regarding Reynolds' foot ulcers in the record. However, additional evidence was submitted to the Appeals Council showing that Dr. Wolcott subsequently treated an ulcer on Reynolds' left heel and that he began treating another stage III ulcer on her right heel in September 2005. (Tr. 962.) According to the record, Dr. Wolcott performed a number of debridements at the ulcerated site on Reynolds' right heel and attempted to treat the problem with intravenous antibiotic therapy; however, five weeks later the wound was only 40 percent healed. (Tr. 966-67, 978, 986, 991, 994, 997, 1009, 1013.)

The evidence before the Appeals Council shows that Reynolds' recurring foot ulcers

3

require months of treatment before healing is accomplished. This evidence coupled with the notations that Reynolds walks with a waddling and/or antalgic gait and notations from Reynolds' private physician that she should avoid weight bearing when suffering from foot ulcers detract from the ALJ's decision that Reynolds is capable of performing light work. Evidence submitted for the first time to the Appeals Council is part of the record subject to judicial review. *Higginbotham*, 405 F.3d at 337. Based on the evidence submitted after the ALJ rendered his decision, remand is required to reassess whether Reynolds would be capable of working on a sustained basis in jobs that require standing and walking most of the workday and whether she could maintain such employment. *See Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002); *see also Frank v. Barnhart*, 326 F.3d 618, 619-20 (5th Cir. 2003) (the decision-maker must determine whether a claimant's intermittently recurring symptoms would prevent him from maintaining work).

There is also evidence in the record suggesting Reynolds' mental impairments would prevent her from withstanding the stresses involved with employment. Psychiatrist and testifying medical expert Ann Turbeville, M.D., indicated at the hearing that Reynolds suffered from a number of mental impairments including personality disorder. (Tr. 1031-34.) She also testified as follows:

> It has been my experience, especially with personality disorders that in a non-stressful situation, they can attend, concentrate, pay attention. But if you start asking them to do things they don't want to do, or if you come in and try to be judgmental, they will deteriorate rapidly on you and fall apart. She is going to become physically ill with any stress. She's going to have symptoms so her persistence and pace are going to [be] marked, in my opinion.

(Tr. 1034.) There is no evidence in the record that would contradict Dr. Turbeville's opinion. Because Reynolds' case must be remanded to reassess whether she can perform the physical requirements of light work, further development regarding her mental impairments is warranted. [1]

## II.   Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Reynolds' case for further administrative proceedings.

## III.   Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual

---

[1] Dr. Turbeville also testified that she believed Reynolds' mental impairments met the criteria of a listed impairment under 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00. (Tr. 1031.) However, Dr. Turbeville's testimony also indicates that Reynolds' mental impairments do not meet the criteria under subsection B of the listings under § 12.00. (Tr. 1032.)

findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   December 22, 2006.

NANCY M. KOENIG
United States Magistrate Judge